IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY a/s/o PROSPECT VILLAGE CONDOMINIUM ASSOCIATION, and PROSPECT VILLAGE CONDOMINIUM ASSOCIATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANGI INC.<br><br>    Defendant. | Case No. 4:22-cv-642<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Now Come Plaintiffs, PHILADELPHIA INDEMNITY INSURANCE COMPANY a/s/o PROSPECT VILLAGE CONDOMINIUM ASSOCIATION ("Philadelphia") and PROSPECT VILLAGE CONDOMINIUM ASSOCIATION ("Prospect"), by and through their attorneys, COZEN O'CONNOR, and for their Complaint against Defendant, ANGI INC. ("Angi"), state with respect as follows:

### PARTIES AND VENUE

1. At all times relevant, Plaintiff, Philadelphia, was a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004.

2. At all relevant times, Philadelphia was authorized to issue insurance policies in the State of Missouri, and provided property insurance coverage under a policy issued to Prospect (the "Policy"), for a multi-unit condominium complex located at 1329 Prospect Village Lane, in Ballwin, Missouri (the "Property").

3. At all times relevant, Plaintiff, Prospect, had ownership interests in the common elements of the Property and was required to, and did in fact, procure property insurance coverage

LEGAL\58327466\1

for the common elements and the individual condominium units within the Property for all losses covered under the Policy of insurance with Philadelphia.

4. At all times relevant, Defendant, Angi, was a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3601 Walnut Street No. 700, in Denver, Colorado, and engaged in business activities in the State of Missouri.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiffs and Defendant are citizens of different States and the amount in controversy is in excess of $75,000.

6. Venue in this judicial district is proper inasmuch as the real property that sustained damage complained of herein is located within this judicial district.

7. At all relevant times, Defendant conducted, and continues to conduct, a substantial amount of business activity and has committed a tort, in whole or in part, in this judicial district.

## COMMON ALLEGATIONS

8. Upon information and belief, in or around early February 2022, Prospect condo unit owner, Chris Klaus, acting solely on her own behalf and for her individual condo's benefit, contacted Angi through a website called handy.com, which is owned and operated by Defendant Angi, and requested a service visit from a plumber to perform work in her condo unit, 1329 Prospect Village Drive, Unit E (the "Unit"), in particular to replace the handle and shut-off valve for the water supply line into her condo unit.

9. Upon information and belief, as a result of this request, Angi sent plumber Christopher Henry to Klaus's Unit at the Property on or around February 7, 2022 to perform the requested plumbing work for Ms. Klaus.

10. In the course and scope of performing his plumbing work for Ms. Klaus, Mr. Henry failed to fully seat the valve and failed to ensure this was a dry environment before using his soldering tools to remove the old valve and replace it with a new valve and handle.

11. Water remaining in the supply line prevented Mr. Henry's soldering tools from fully disconnecting the valve because of the steam created by the heat from his tools.

12. Teeth marks on the valve show that Mr. Henry realized his soldering tools were ineffective because water was still present so at that point he attempted to manually remove the old valve with a wrench.

13. This approach was flawed from the start and he could not have reconnected a new valve with water still in this line because the steam his tools created from the water still in the line prevented the soldering joints from forming properly.

14. Mr. Henry failed to confirm the valve was fully sealed shut and that there was no water remaining in the line before using his soldering tools through numerous methods, and carelessly proceeded to start this work despite the risks involved.

15. After realizing his mistakes and that he would not be able to complete this work, Mr. Henry was unable to shut off the water supply. He did not take any further steps to attempt to prevent water from further discharging out of this pipe as a result of his actions and apparently left the property around 9:00 pm, which allowed and caused significant amounts of water to discharge into Ms. Klaus's unit, other condo units, and common elements of the Property (the "loss").

16. Defendant Angi employed Mr. Henry to perform the work that caused the loss, which occurred during the course and scope of his employment with Angi.

17. Defendant Angi scheduled and coordinated the work with Mr. Henry and their customer, Chris Klaus.

18. Defendant Angi set the terms for payment and collected the payment.

19. Defendant Angi determined the conditions, including the rate and method of his pay, and the duration of Mr. Henry's employment.

20. Defendant Angi directed and controlled Mr. Henry in all aspects of the plumbing work to be performed at Ms. Klaus's unit.

21. The Property sustained significant water damage as a result of the loss requiring emergency mitigation and repairs. Several unit owners were also displaced from their condos units for several months while repairs were made that caused them to incur alternative housing expenses during this period of restoration.

22. As a result of the loss, Prospect made a claim to Philadelphia pursuant to its insurance policy, and Philadelphia made payments to Prospect in excess of $300,000 to cover the repairs to the Property, which payments were subject to a $5,000 policy deductible.

23. In accordance with the common law principles of legal and equitable subrogation and its rights under the policy, Philadelphia is subrogated, to the extent of its payments to Prospect, to the rights of its insured with respect to any claims against the Defendant.

## COUNT I
## NEGLIGENCE

24. As and for paragraph number 24, Plaintiff incorporates by reference paragraphs 1 through 23 above, as though fully set forth herein.

25. At all times relevant, Defendant, Angi, owed Plaintiffs a duty to use reasonable care while performing plumbing work on the shut-off valve in the Klaus condo unit.

26. Defendant, Angi, through its employees and/or agent, breached its aforesaid duties in one or more of the following ways:

    a. failed to use means and methods consistent with plumbing industry standards, customs, and practices when removing and replacing the old shut-off valve;

  b. failed to adequately check, inspect, and/or fully drain the water supply lines before using his soldering tools to perform this work;

  c. failed to use reasonable care while removing the old valve in the course of performing his work at the Property;

  d. failed to perform all aspects of this work in a reasonable and workmanlike manner;

  f. failed to take reasonable and appropriate steps to locate the main shut-off valve to prevent additional water from discharging and increasing the scope of water damage throughout the Property; and

  e. otherwise failed to use due care under the circumstances.

27. As a direct and proximate result of the aforesaid negligent and careless acts and/or omissions of Defendant Angi, Plaintiffs sustained significant property and related damages.

WHEREFORE, Plaintiffs, PHILADELPHIA INDEMNITY INSURANCE COMPANY a/s/o PROSPECT VILLAGE CONDOMINIUM ASSOCIATION, and PROSPECT VILLAGE CONDOMINIUM ASSOCIATION, demand judgment in their favor and against Defendant, ANGI INC., on Count I of their Complaint, in an amount in excess of $300,000.00, together with interest and the costs of this action, and any other relief this Court deems just and proper.

Dated: June 17, 2022      Respectfully Submitted,

           PHILADELPHIA INDEMNITY INSURANCE
           COMPANY a/s/o PROSPECT VILLAGE
           CONDOMINIUM ASSOCIATION and
           PROSPECT VILLAGE CONDOMINIUM
           ASSOCIATION

           By: */s/ Marisa Saber*
           One of Plaintiffs' Attorneys

Marisa Saber 60360 (MO)
Matthew F. Policastro (*PHV Application Pending*)
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100 - Facsimile: (312) 382-8910
msaber@cozen.com
mpolicastro@cozen.com